UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 05-264(1) (DWF/FLN) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Darrin Marcel Potts a/k/a Rock, | |
| Defendant. | |

---

Lisa D. Kirkpatrick, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

Nancy R. Vanderheider, Esq., Vanderheider Law Office, counsel for Defendant.

---

This matter is before the Court upon the Government's appeal of Magistrate Judge Franklin L. Noel's order dated November 21, 2005, granting Defendant's motion for a Bill of Particulars. Defendant opposes Plaintiff's appeal. This matter is also before the Court on Defendant's objections to Magistrate Judge Noel's order denying Defendant's motion to strike. The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies

Defendant's objections, and denies, in part, and grants, in part, Plaintiff's appeal and affirms Magistrate Judge Noel's order of November 21, 2005, as modified.

Based upon the presentations of the parties and the Court having reviewed the contents of the Court's file in this matter and being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Magistrate Judge Franklin L. Noel's order of November 21, 2005 (Doc. No. 67) is **AFFIRMED**, as modified, as follows:

    a. Specify the co-conspirators involved in the conspiracy alleged in Count 1.

2. Defendant Darrin Marcel Potts' motion to strike language from the superseding indictment (Doc. No. 62) is respectfully **DENIED**.

Dated: December 7, 2005        s/Donovan W. Frank
                               DONOVAN W. FRANK
                               Judge of United States District Court

**MEMORANDUM**

An overt act is not a necessary element of conspiracy under the federal drug enforcement statutes, 21 U.S.C. §§ 846 and 963. Consequently, when conspiracy prosecutions occur pursuant to statutes which do not require proof of an overt act, this element is necessarily eliminated from proof in the case and any corresponding jury instructions. *See* 21 U.S.C. § 846 and Edward J. Devitt, Charles

B. Blackmar, and Kevin F. O'Malley, *Federal Jury Practice and Instructions* § 31.03 (incl. comm. notes) (4th ed. West Group 1990).

In all other respects, the Court affirms Magistrate Judge Franklin L. Noel's order of November 21, 2005. Notwithstanding the Court's Order in this case, with respect to the overt act issue, it must be observed by this Court that providing such a Bill of Particulars on all four items in Magistrate Judge Noel's order of November 21, 2005, would promote the interests of justice and a fair trial without prejudicing the United States. This issue rarely, if ever, arises in state and federal jurisdictions where the prosecution has an open-file discovery policy. Few, if any, federal defendants under the Federal Rules of Criminal Procedure enjoy the benefit of a modified open-file discovery process, unlike some of the cases cited by the United States in their brief to this Court.

The Defendant has filed objections to Magistrate Judge Noel's decision denying Defendant's motion to strike language in the superseding indictment. There may be evidentiary, if not constitutional, implications to the language set forth in the superseding indictment as it relates to the conspiracy. However, those issues, if they are to arise, will be appropriately dealt with at a pretrial in this matter.

For the reasons stated, the Court has affirmed, as modified, Magistrate Judge Franklin L. Noel's order of November 21, 2005.

D.W.F.